NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| **CHRISTOPHER BARTSCH**, | : | |
|  | : | Civil Action No.  06-cv-3816 (PGS) |
| Plaintiff, | : | |
|  | : | |
| V. | : | |
|  | : | |
| **HACKENSACK POLICE DEPARTMENT**, | : | OPINION |
| **KEVIN O'BOYLE, MICHAEL MORDGA,** | : | |
| **ROBERT ANZIOLOTTI, and THE** | : | |
| **BERGEN COUNTY PROSECUTORS** | : | |
| **OFFICE** | : | |
|  | : | |
| Defendants. | : | |

_____

I.

Plaintiff filed the instant action on August 11, 2006 alleging Defendants violated his civil rights. 42 U.S.C. §1983.  Plaintiff maintains that he entered into an agreement with the Hackensack Police Department and the Bergen County Prosecutor's Office to assist in gathering evidence against a Mr. John Mitchell for the crime of attempted murder.  He further alleges that in exchange for his assistance, the defendants would protect his identity. According to plaintiff, his name was released to the media in violation of this agreement. Since this public disclosure, he has been allegedly threatened and attacked for his role in assisting the officers.

Defendants move to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff, proceeding *pro se,* opposes this motion, and moves for Default Judgment against Defendant, Robert Anziolotti.

Plaintiff maintains that he acted as a confidential informant to the Hackensack Police Department under the auspices of detectives Kevin O'Boyle and Michael Mordaga, Kenneth Ziga (chief of the detective bureau) and Robert Anziolotti (an investigator with the Bergen County Prosecutor's Office).  He assisted in a covert operation which led to the arrest of John Mitchell for attempted murder.  He alleges that during this sting operation he wore a concealed recording device and that these recordings were used as evidence against Mr. Mitchell. Mr. Bartsch maintains that the officers involved agreed to conceal his identity in exchange for his assistance with Mr. Mitchell's arrest.

Plaintiff's complaint does not specify the dates on which these events occurred. After plaintiff's involvement he served a prison term at the Midstate Correctional Facility located in Wrightstown, New Jersey.  The complaint does not address whether his time in jail was related to or separate from the incident described above.

As stated above, plaintiff asserts that sometime during the arrest and prosecution of Mr. Mitchell, his name was released to a local newspaper.  Bartsch alleges that the defendants approached him in an attempt to resolve the situation, but nothing resulted from these conversations. He asserts that while in prison he was threatened and subject to physical assault, and placed in protective custody.  He maintains that there is a continued threat on his life.  He is seeking compensatory and punitive damages for the alleged breach of his civil rights resulting from the breach in confidentiality and for the emotional distress associated with the continued threats against his life and assorted equitable relief.

II.

"[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F. 3d 176, 183 (3d Cir.1993) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2nd ed.1990)). At a minimum, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997).

A *pro se* complaint is held to less stringent standards than formal pleadings drafted by lawyers. See *Haines v. Kerner,* 404 U.S. 519, 520 (1972). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Soreman*, 534 U.S. 506, 514 (2002) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). The courts are obliged to construe the pleadings of *pro se* litigants liberally.

Defendants, the Hackensack Police Department and the Bergen County Prosecutor's Office move to dismiss plaintiff's complaint for failure to state a claim. The crux of defendants' argument is that plaintiff has failed to plead any factual basis for liability pursuant to 42 U.S.C. § 1983[1].

---

[1] Section 1983 "does not create substantive rights, but provides a remedy for the violation of rights created by federal law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir.1995). To establish a prima facie case under § 1983 , a plaintiff must demonstrate: "(1) a

Defendants argue that plaintiff has failed to cite to any specific statute or facts that would support a cause of action based on a civil rights violation. According to defendants, there is no federal case law that allows a cause of action for disclosure of a government informant's identity pursuant to §1983. That contention is incorrect. Although plaintiff has not specifically stated that he is asserting a substantive due process claim for failure to protect, courts within this district have recognized that such a claim may exist in limited circumstances.

In *DeShaney v. Winnebago County Dept., of Social Servs.*, 489 U.S. 189 (1989) the Supreme Court held that "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors," *Id*. at 195.; "[A]s a general matter, a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id*. at 197. There are two exceptions to this general rule. A duty to protect may arise when a special relationship exists or where the state created the danger of harm. *Cherry v. City of Philadelphia*, 2004 WL 2600684, *3 (E.D.Pa 2004); *Kneipp v. Tedder*, 95 F.3d 1199 (3d Cir.1996).

"The special relationship exception is based upon *DeShaney* where it states that 'when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being . . .' *Cherry*, 2004 WL 2600684, *3 (citing DeShaney*, 489 U.S. at 200); *G-69 v. Degnan*, 745 F. Supp. 254 (D.N.J. 1990)[2]. As Bartsch alleges that his life is in jeopardy as a result of the leak, this

---

person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Id*.

[2]   The Court notes that the rationale set forth in *G-69* has been criticized by a number of courts. *See*, *Matican v. City of New York*, 424 F. Supp. 2d 497, 504 (E.D.N.Y. 2006).

Court can not say that on the facts before it he would be unable to obtain relief.

In addition, plaintiff may have a cause of action under the state created danger exception. *See*, *Cherry*, 2004 WL 2600684, *3; *Kneipp v. Tedder*, 95 F.3d 1199 (3d Cir.1996). The Third Circuit stated the elements necessary to establish a cause of action for a state created danger are: (1) the harm ultimately caused was foreseeable and fairly direct; (2) the state actor acted in willful disregard for the safety of the plaintiff; (3) there existed some relationship between the state and the plaintiff; (4) the state actors used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur; and (5) the states actors' conduct shocked the conscience. *Id*. at 1208. *See also*, *Schieber v. City of Philadelphia*, 320 F.3d 409, 417 (3d Cir.2003). Mr. Bartsch has sufficiently plead facts showing that he was placed in danger by the disclosure of his identity. The pleadings, although vague, give sufficient notice to defendants of the nature of the cause of action under the case law cited herein.

III.

Plaintiff's Motion to Enter Default Judgment as against Mr. Anziolotti is denied. It is Bergen County Counsel's view that the State was required to enter an appearance and indemnify Detective Robert Anziolotti, and this issue is still being sorted through. *Wright v. Somerset County*, 169 N.J. 422 (2001). In addition, plaintiff's request for a default judgment is procedurally deficient, as the Clerk has not entered default against this individual defendant. The court can not enter a default judgment until the clerk under Rule 55(a) has previously entered the party's default. Fed.R.Civ.P Rule 55(b)(2).

In summary, Defendants' motion to dismiss is denied, and plaintiff's motion for default judgment is denied.  The defendants must answer or otherwise move on other grounds than set forth in this motion within twenty (20) days.  The Court, on its own motion, grants Assistant Prosecutor Robert Anziolotti an extension of time to answer or otherwise plead until July 16, 2007.

                    s/Peter G.  Sheridan
                    PETER G.  SHERIDAN, U.S.D.J.

June 29, 2007